**EOD**

01/27/2010

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIAN A. UNDERWOOD and | § | Case No. 07-50014 |
| TRACY E. UNDERWOOD, | § | (Chapter 7) |
| | § | |
| Debtors. | § | |
| _____ | § | |
| | § | |
| BEN AND SYLVIA HATRIDGE | § | |
| LIVING MANAGEMENT TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 07-5006 |
| | § | |
| BRIAN A. UNDERWOOD and | § | |
| TRACY E. UNDERWOOD, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION REGARDING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

The Ben and Sylvia Hatridge Revocable Living Management Trust initiated
this proceeding against the debtors, Brian and Tracy Underwood, seeking a
nondischargeable judgment in the principle amount of $594,000 based on fraud or
false pretenses pursuant to 11 U.S.C. § 523(a)(2)(A).  The Trust alleges that, in
connection with five separate loan transactions, the debtors knowingly made false
representations in order to obtain funds.  The debtors initially denied the Trust's
allegations.  However, after filing their answer to the Trust's complaint, the

debtors pleaded guilty to charges of fist degree felony theft in a state criminal action relating to the same five loan transactions.[1]

The Trust brings the present Motion for Summary Judgment pursuant to Federal Rule of Bankruptcy Procedure 7056.  That rule incorporates Federal Rule of Civil Procedure 56, which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial."  *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

---

[1] Under Texas law, a person commits the offense of theft if that person "unlawfully appropriates property with intent to deprive the owner of the property." TEX. PENAL CODE § 31.03(a). Appropriation of property is unlawful if it is "without the owner's effective consent." *Id.* at § 31.03(b)(1). A theft is a first-degree felony offense if the value of the property stolen is $200,000 or more. *Id.* at § 31.03(e)(7).

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322. Factual controversies are resolved in favor of the nonmoving party, see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), but only when there is an actual controversy -- that is, when both parties have submitted evidence of contradictory facts. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Here, the debtors have not submitted any argument or evidence in opposition to the Trust's motion. Indeed, at the hearing on the Trust's motion, counsel for the debtors conceded that the elements of the crime of theft under Texas law satisfies all of the elements necessary for the Plaintiff to succeed on a claim of fraud of false pretenses under § 523(a)(2)(A). *See* TEX. PENAL CODE § 31.03. *Cf: In re Niswonger*, 116 B.R. 562 (Bankr. S.D. Ohio 1990) (debt held nondischargeable under § 523(a)(2)(A) where debtors pleaded guilty to theft and fraud under Ohio law).

The Court, having reviewed the Trust's motion and supporting affidavits, as well as the record in this proceeding, concludes that the Trust has carried its burden of establishing the absence of a genuine issue of material fact with respect to its § 523(a)(2)(A) claim. The uncontroverted evidence establishes that the debtors knowingly made false representations to the Trust with the intention of inducing the Trust to provide them with funds, the Trust justifiably relief on such representations by advancing funds to the debtors, and the Trust sustained

3

$594,000 in losses as a proximate result of the debtors' false representations.[2]  The Court will enter a separate Judgment in favor of the Trust consistent with this Memorandum Opinion.

Signed on 1/27/2010

*Brenda T. Rhoades*          SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[2] Although the Plaintiff's complaint and motion request an award of attorneys' fees, the Plaintiff did not provide the Court with any evidence of such fees in connection with its request for summary judgment. The Plaintiff also has not supported its request for pre-judgment interest with evidence of the contractual rate of interest in any of the loan transactions.  Section 1961(a) of Title 28 provides for a federal rate of interest, but this rate applies only to interest accrued post-judgment.  *See Chapman & Cote v. Itel Container Int'l*, 865 F.2d 676, 689 (5th Cir. 1989).